IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAMONA R. STINSON, )<br>)<br>  Petitioner, )<br>)<br>v. )<br>)<br>COMMISSIONER, SOCIAL SECURITY )<br>ADMINISTRATION, )<br>)<br>  Respondent. )<br>_____) | Case No. CV 08-00037-C-REB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Currently pending before the Court is Respondent's Motion to Dismiss for Lack of Jurisdiction (Docket No. 9). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order:

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2006, an Administrative Law Judge ("ALJ") issued a decision denying Petitioner's claim for Social Security Disability Insurance Benefits. *See* Notice of Appeals Council Action, p. 1 (Docket No. 1, Att. 6). On or around October 17, 2006, the Appeals Council provided notice to Petitioner of its decision denying Petitioner's request for review of the ALJ's decision. *See id.* (Docket No. 1, Att. Nos. 6-8). The notice stated that Petitioner could seek review of the Secretary's review of the decision within sixty (60) days of receiving the notice. *See id.* (Docket No. 1, Att. No. 7); *see also* 42 U.S.C. § 405(g). Petitioner is presumed to have received the notice on or around October 22, 2006. *See* 20 C.F.R. § 422.210(c).

**MEMORANDUM DECISION AND ORDER - 1**

On November 10, 2006, well within sixty (60) days of receiving the Appeals Council's notice, Petitioner filed her first Petition for Review.  *See* Petition for Review, pp. 1-3 (Case No. 06-453, Docket No. 1, Att. 4).  However, on July 16, 2007, Respondent filed its first Motion to Dismiss, arguing insufficiency of service of process.  *See* Mot. to Dismiss, p. 1 (Case No. 06-453, Docket No. 7).[1]  On August 24, 2007,[2] Petitioner responded to Respondent's dismissal efforts, stating:

> In that the [R]espondent['s] request is for a dismissal without prejudice, thereby allowing petitioner to re[-]file and re[-]serve the petition for review, the petitioner does not object to the [R]espondent's motion.

*See* Resp. to Mot. to Dismiss, p. 1 (Case No. 06-453, Docket No. 10).

Following the action's reassignment to District Judge Edward J. Lodge on August 28, 2007 (Case No. 06-453, Docket No. 11) and the subsequent referral to Magistrate Judge Larry M. Boyle on November 20, 2007 (Case No. 06-453, Docket No. 12), on January 8, 2008, Magistrate Judge Boyle recommended that the case be dismissed without prejudice.  *See* Rept. and Recomm., p. 1 (Case No. 06-453, Docket No. 13).  On February 1, 2008, District Judge Lodge adopted Magistrate Judge Boyle's Report and Recommendation and dismissed the case without prejudice.  *See* Order Adopting Rept. and Recomm. (Case No. 06-453, Docket No. 14).

---

[1] The United States Attorney first learned of this action (Case No. 06-453) on March 7, 2007, approximately three days before Petitioner's service deadline expired.  *See* Mem. in Supp. of Mot. to Dismiss, pp. 1 & 2 (Case No. 06-453, Docket No. 7, Att. 2).  On July 16, 2007, the same day Respondent was formally served, it filed its first Motion to Dismiss.  *See id.* at p. 2.

[2] Pursuant to the applicable Local Rules, Petitioner's response to Respondent's first Motion to Dismiss was originally due on or before August 9, 2007.  However, the Court issued a Docket Entry Order on August 24, 2007 requiring Petitioner to respond to the Motion to Dismiss on or before August 31, 2007.  *See* 8/24/07 Docket Entry Order (Docket No. 9).  Petitioner responded later that day.

**MEMORANDUM DECISION AND ORDER - 2**

Apparently, even before Judge Lodge dismissed the original action (*see supra* at p. 2), Petitioner filed her second Petition for Review on January 24, 2008. *See* Petition for Review, pp. 1-3 (Docket No. 1, Att. 5). This second Petition for Review is identical to the first, with the additional notation that "[t]his matter is being re[-]filed pursuant to the order issued by the above court on November 20, 2007." *See id*. at p. 2.[3]

On April 17, 2008, Respondent filed its second Motion to Dismiss, this time arguing that Petitioner's second Petition for Review was not filed within (60) days of October 22, 2006 - the date Petitioner is presumed to have received the Appeals Council's October 17, 2006 notice (*see supra* at p. 1). *See* Respt's Mem. in Supp. of Dismissal, pp. 1-7 (Docket No. 10). In response, Petitioner appears to argue that her second Petition for Review is explicitly permitted given the Court's prior dismissal *without prejudice*, commenting:

> [S]aid prior action was dismissed, pursuant to [P]etitioner's request and with [P]etitioner's acquiescence, <u>without prejudice</u>. . . . . Since the prior action in the matter was dismissed without prejudice[,] it would be entirely inappropriate for a different attorney representing the respondent to later move for dismissal with prejudice

*See* Pet.'s Resp. to Respt's Mot. for Dismissal, p. 1 (Docket No. 12) (emphasis in original). Respondent did not submit any reply briefing in support of its second Motion to Dismiss. It is this second Motion to Dismiss that is now ripe for the Court's consideration.

## II. ANALYSIS

Petitioner's first Petition for Review was dismissed because Petitioner failed to effect proper service within the 120-day time period outlined in FRCP 4(m). *See* Rept. and Recomm.,

---

[3] There is no substantive order in either this action (Case No. 08-37) or the original action (Case No. 06-453), dated November 20, 2007. Presumably, Petitioner is referring to Magistrate Judge Boyle's January 8, 2008 Report and Recommendation.

**MEMORANDUM DECISION AND ORDER - 3**

p. 1 (Case No. 06-453, Docket No. 13).  Any dismissal under FRCP 4(m) is "without prejudice" to plaintiff's right to re-file; however this arguably does not toll any statute of limitations that might have run in the interim.  *See* Fed. R. Civ. P. 4(m); *see also Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) ("Dismissal . . . without prejudice does not mean without consequence.  If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." (internal quotations omitted)).  It is true that Petitioner's second Petition for Review was not filed within sixty (60) days of Petitioner's receipt of the Appeals Council's notice.  Neither Petitioner nor Respondent disputes this fact.  The question, then, is whether Petitioner's delinquency in this respect mandates a second dismissal under the circumstances presented here.

**A.    The Time to File a Petition for Judicial Review is Not Jurisdictional**

Respondent correctly points out that "[t]he 60-day . . . time limit to file a petition for judicial review is not jurisdictional, but is instead a statute of limitation that the Commissioner may waive and that is subject to equitable tolling."  *See* Respt's Mem. in Supp. of Dismissal, p. 5 (Docket No. 10) (citing *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986); *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991)).

In *Bowen*, the United States Supreme Court concluded that "application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'"  *See Bowen*, 476 U.S. at 480 (quoting *Honda v. Clark*, 386 U.S. 484, 501 (1967)).  The Court further emphasized that equitable tolling was consistent with the purpose of the Social Security Act (the "Act") which is "unusually protective of claimant."  *See id*. at 480, n. 12.  So, while the statute of limitations embodied within the Act operates as "a mechanism by which Congress [is] able to move cases to

**MEMORANDUM DECISION AND ORDER - 4**

speedy resolution in a bureaucracy that processes millions of claims annually," in a "rare case" courts may apply the principle of equitable tolling so as not to undermine the purpose of the 60-day limitations period when viewed in connection with the underlying statute. *See id*. at 481; *see also Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) ("[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002) (pointing out that, in context of § 405(g), "[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.").

Accordingly, the Court must ask whether it would be unfair or unjust to allow the 60-day statute of limitations to act as a bar to Petitioner's second Petition for Review or, alternatively, consider Petitioner's second Petition for Review to represent that "rare case" where equitable tolling is applied. *See Hensley v. U.S.*, 531 F.3d 1052, 1056 (9th Cir. 2008) (district court's decision regarding equitable tolling is "generally reviewed for an abuse of discretion . . . ." (citing *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1175 (9th Cir. 2000))).

**B.    Conditions Warranting Equitable Tolling**

Several courts have recognized that equitable tolling arises when the party against whom it is asserted engages in some affirmative misconduct. *See e.g.*, *Crawford v. United States*, 796 F.2d 924, 926 (7th Cir. 1986); *DeBrunner v. Midway Equip. Co.*, 803 F.2d 950, 952 (8th Cir. 1986). Moreover, as Respondent notes in its briefing, "[a] petitioner's mental impairment may justify equitable tolling of statute of limitations." *See* Respt's Mem. in Supp. of Dismissal, p. 5 (Docket No. 10) (citing *U.S. v. Brockamp*, 519 U.S. 347, 348-49 (1997); *Laws v. Lamarque*, 351

**MEMORANDUM DECISION AND ORDER - 5**

F.3d 919, 923-24 (9th Cir. 2003); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *Jessie v. Potter*, 516 F.3d 709, 714 (8th Cir. 2008); *Barrett v. Principi*, 363 F.3d 1316, 1319-21 (Fed. Cir. 2004)).  Here, Petitioner has not suggested any misconduct by Respondent or argued that her alleged mental impairment warrants the application of equitable tolling principles.

Nonetheless, absent prejudice to a defendant or anyone else (including the court itself), several courts have held that, under appropriate circumstances, it "cannot be an abuse of discretion" to extend the time for service even after the expiration of the 120-day period outlined in FRCP 4(m).  *See United States v. McLaughlin*, 470 F.3d 698, 701 (7th Cir. 2006); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).  Among the many factors that courts consider in so extending service deadlines is whether the statute of limitations would bar refiling the complaint if the action were dismissed.[4]  *See Mann*, 324 F.3d at 1090.  This is precisely the situation at issue here.  That is, by virtue of its second Motion to Dismiss, Respondent is now arguing that the statute of limitations bars Petitioner's second Petition for Review.

Further, within the administrative review process, good cause for missing a deadline to request a review of social security benefits exists when a claimant "sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired."  *See* 20 C.F.R. 416.1411(8).  Although not completely speaking to the exact issue here, this regulation's application is sufficiently analogous to

---

[4] Other factors include whether the service delay resulted from inadvertence or whether a reasonable effort to effect service has been made (*see Feinghold v. Hankin*, 269 F. Supp. 2d 268, 276 (SDNY 2003)); whether defendant has been prejudiced by the delay (including whether it had actual notice of the claims asserted in the complaint) (*see id.*); and whether plaintiff moved for an enlargement of time under FRCP 6(b) (*see Television Signal Corp. v. City & County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Ca. 2000)).

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner's situation. In other words, there is no dispute that Petitioner filed her first Petition for Review well within the 60-day time period (*see supra* at p. 2) and, once Petitioner herself *agreed* to have her first Petition for Review dismissed without prejudice (*see* Resp. to Mot. to Dismiss, p. 1 (Case No. 06-453, Docket No. 10), immediately filed her second Petition for Review - even before District Judge Lodge accepted Magistrate Judge Boyle's Report and Recommendation (*see supra* at pp. 2-3). Therefore, it cannot be said that Petitioner altogether ignored the procedural prerequisites when seeking judicial review of the ALJ's June 27, 2006 decision. While ultimately incorrect, Petitioner's conduct in these respects was not a function of inexcusable delinquency or a failure to bring her claim in the appropriate jurisdictional forum. *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1352 (11th Cir. 2000) (holding that statute of limitations can be tolled by plaintiff who timely files in court "with competent jurisdiction over his claim.").

Finally, Respondent does not argue that it is somehow prejudiced if Petitioner's second Petition for Review is allowed to proceed on the merits. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3rd Cir. 1997) (denying defendant benefit of statute of limitations is not cognizable prejudice). Indeed, Respondent acknowledges that it was aware of Petitioner's first Petition for Review on March 7, 2007 - three days before the time period for service expired. *See supra* at fn. 1, p. 2. Without stating here that Respondent's awareness of the action somehow represents timely service, it applies to suggest a lack of prejudice regardless. This, along with the reality that judicial review in this context involves an examination of a finite *record* and not the attendance of witnesses who may no longer be available or the existence of evidence that may no longer be pertinent, combine to reveal Respondent's potential lack of prejudice. Put another

**MEMORANDUM DECISION AND ORDER - 7**

way, Respondent's substantive defenses remain intact in the event Petitioner's second Petition for Review is not dismissed.

## C.     Equitable Tolling May Exist to Deny Respondent's Motion to Dismiss

Petitioner's failure to effect timely service was presumably addressed by Magistrate Judge Boyle in response to Respondent's first Motion to Dismiss - an issue potentially distinct from the statute of limitations defense now before this Court in the form of Respondent's second Motion to Dismiss.

Still, the statute of limitations issue is not so clear-cut as to justify its resolution in this Court without (1) affording Petitioner the opportunity to delineate further a factual basis to apply equitable tolling to § 405(g)'s statute of limitations, while (2) keeping in mind the procedural history speaking to Petitioner's prior service issues.  Consistent with FRCP 4(m) and/or FRCP 6(b), had Petitioner originally requested to extend the time for serving her first Petition for Review upon receiving Respondent's first Motion to Dismiss, this portion of the litigation would likely have been averted.  Alas, Petitioner did not.  Now, she faces a dismissal of her action.

With or without a formal request from Petitioner to extend the deadline to serve her first Petition for Review, Magistrate Judge Boyle was empowered to consider whether a permissive extension of time was warranted under the equities of the case.   With this hindsight in mind, and considering Petitioner's clear intent to maintain her ability to seek judicial review (*see* Resp. to Mot. to Dismiss, p. 1 (Case No. 06-453, Docket No. 10)), the Court  is hesitant to dismiss the action - particularly with prejudice.  Instead, the Court is inclined to resolve Respondent's second Motion to Dismiss by determining whether equitable tolling principles should be applied if the original dismissal of Petitioner's first Petition for Review could/should have been avoided.

**MEMORANDUM DECISION AND ORDER - 8**

Notwithstanding its commentary above,[5] the Court will allow the parties to address whether equitable tolling should be applied before Petitioner's second Petition for Review is dismissed.  Petitioner is to submit briefing on this subject within ten (10) days of this Memorandum Decision and Order; Respondent is then to submit its objection to such an application, if any, within ten (10) days of Petitioner's submission.  No oral argument will be necessary and, given the procedural history and analysis already addressed here, an order on Respondent's second Motion to Dismiss will be issued soon thereafter.

### III.  ORDER

Based on the foregoing, Respondent's Motion to Dismiss for Lack of Jurisdiction (Docket No. 9) is DENIED at this time.  Within ten (10) days of this Memorandum Decision and Order, Petitioner is to submit briefing, arguing in favor of the application of equitable tolling to prevent the dismissal of her second Petition for Review.  Respondent's objection, if any, shall be submitted within ten (10) days of Petitioner's briefing.

DATED:  **November 26, 2008**

Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[5] *See e.g.*, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

**MEMORANDUM DECISION AND ORDER - 9**