IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RAMONA R. STINSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 08-00037-C-REB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| COMMISSIONER, SOCIAL SECURITY | ) | **AND ORDER** |
| ADMINISTRATION, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This Memorandum Decision and Order follows the Court's November 26, 2008 Memorandum Decision and Order (Docket No. 19), addressing Respondent's Motion to Dismiss for Lack of Jurisdiction (Docket No. 9). Therein, the Court invited the parties to discuss the application of equitable tolling principles toward maintaining Petitioner's second Petition for Review (Docket No. 1, Att. 5).

On December 3, 2008, Petitioner requested that the 60-day time limit to file a petition for judicial review be equitably tolled (Docket No. 20), thus resuscitating her second Petition for Review. To date, Respondent has not filed any opposition beyond its original Motion to Dismiss for Lack of Jurisdiction (Docket No. 9).

**I.  DISCUSSION**

As outlined in its original Memorandum Decision and Order, the time to file a petition for judicial review is not jurisdictional; that is, the 60-day limitations period pursuant to 42 U.S.C.

**MEMORANDUM DECISION AND ORDER - 1**

§ 405(g) is subject to equitable tolling.  *See* Mem. Decision and Order, p. 4 (Docket No. 19) (citing *Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986); *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991)).  Equitable tolling is to be applied when a litigant diligently pursues her rights, coupled with extraordinary/exceptional circumstances warranting such an application.  *See* Mem. Decision and Order, p. 5 (Docket No. 19) (citing *Bowen*, 476 U.S. at 481; *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002)).

In addition to highlighting once again that Petitioner's first Petition for Review was dismissed *without prejudice* (*see* Pet.'s Brief in Resp. to Mot. to Dismiss, p. 2 (Docket No. 20)),[1] Petitioner appears to offer a reason for the underlying failure to properly effectuate service:

> [W]hen Petitioner contacted the Court about how to properly conduct electronic filing, Petitioner apparently misunderstood the Court's oral instructions and erroneously believed that [R]espondent would be electronically notified, in lieu of service, of Petitioner's filing.  The above[-]mentioned action was among the first mandatory electronically [sic] filings commenced by Petitioner's attorney.

*See id*. at pp. 1-2.  While this reason, considered in isolation, may not necessarily rise to the requisite level of extraordinary/exceptional circumstances, when considered with the balance of surrounding events, the combination of conditions arguably warrant the application of equitable tolling principles here.

---

[1] Any reliance on Magistrate Judge Larry M. Boyle's original dismissal without prejudice of Petitioner's first Petition for Review is misplaced.  *See* Mem. Decision and Order, p. 4 (Docket No. 19) ("Any dismissal under FRCP 4(m) is 'without prejudice' to plaintiff's right to re-file; however, this arguably does not toll any statute of limitations that might have run in the interim."); *see also Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) ("Dismissal . . . without prejudice does not mean without consequence.  If the case is dismissed and filed anew, the fresh suit must satisfy the statute of limitations." (internal quotations omitted)).

**MEMORANDUM DECISION AND ORDER - 2**

First, there was no impediment to extending the time for serving Petitioner's first Petition for Review.  Had Petitioner originally sought such an extension from Magistrate Judge Boyle, she would not now be risking the dismissal of her claim for relief - this time *with* prejudice.  *See* Mem. Decision and Order, p. 8 (Docket No. 19).

Second, it cannot be said that Petitioner altogether ignored the procedural prerequisites when seeking judicial review of the Administrative Law Judge's (ALJ) June 27, 2006 decision. *See id*. at pp. 6-7.  Indeed, the opposite is true.  For example, within weeks of receiving the Appeals Council's denial of Petitioner's request for review of the ALJ's decision, Petitioner filed her first Petition for Review with this Court - well within the sixty (60)-day limitations period. Likewise, almost immediately after Magistrate Judge Boyle recommended that Petitioner's original case be dismissed without prejudice (*before* District Judge Edward J. Lodge adopted said recommendation), Petitioner filed her second Petition for Review.  Certainly Petitioner had more efficient ways of preserving her claims; her failure to take advantage of them, however, should not operate here to forestall an opportunity to resolve her claims on the merits.

Third, Respondent has not indicated that it would somehow be prejudiced if Petitioner's second Petition for Review is allowed to proceed on the merits.  *See id*. at p. 7 (citing *Boley v. Kaymark*, 123 F.3d 756, 758 (3rd Cir. 1997) (denying defendant benefit of statute of limitations is not cognizable prejudice)).  Respondent was aware of Petitioner's first Petition for Review *before* the time period for service expired.  *See* Mem. in Supp. of Mot. to Dismiss, pp. 1-2 (Case No. 06-453, Docket No. 7, Att. 2).  Moreover, given that judicial review in the context of a social security disability determination will not involve the attendance of witnesses who may no longer be available, or the need for evidence that may no longer exist, Respondent's substantive

**MEMORANDUM DECISION AND ORDER - 3**

defenses remain intact - just as they were when Respondent originally learned of Petitioner's first Petition for Review.  *See* Mem. Decision and Order, p. 7-8 (Docket No. 19).  In short, there does not appear to be any prejudice (or potential for prejudice) in the event Petitioner's second Petition for Review is not dismissed.

With all this in mind, it is clear to the Court that, in response to Respondent's first Motion to Dismiss, Petitioner intended to maintain her ability to seek judicial review and timely sought to preserve that procedural avenue.  In addition to Petitioner's counsel's admitted problems with respect to navigating properly the electronic filing protocol, all of the relevant factors point toward preserving Petitioner's ability to pursue her claims for relief, thus constituting the exceptional and/or extraordinary circumstances needed to apply equitable tolling principles.  Dismissing those claims with prejudice due to a statute of limitations violation, under the realities presented here, is too stark a resolution; one that this Court will not order.

## II.  ORDER

Based on the foregoing, Respondent's Motion to Dismiss for Lack of Jurisdiction (Docket No. 9) is formally DENIED.  The statute of limitations is equitably tolled, thus preserving the filing of Petitioner's second Petition for Review.

DATED:  **January 7, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**